WEITZMANN, EXECUTOR, *v.* BECKSTEIN ET AL.

[No. 12,625.   Filed March 14, 1928.]

*Howard L. Townsend* and *Albert E. Thomas,* for appellant.

*James M. Barrett, James M. Barrett, Jr.* and *Phil M. McNagny,* for appellees.

THOMPSON, J.—In this action there was a petition by appellant as executor of the will of his father, Franz Theobald Weitzmann, asking for an order of court to sell lot No. 3 in Spencer's Second Addition to the city of Ft. Wayne, to make assets to pay debts. Appellant claimed in his own right, the right to purchase said lot under the provisions of Item 6 of the will, which reads as follows:

> "If after my wife's death the store building on lot No. 3, Spencer's Second Addition, has to be sold and my son Paul T. Weitzmann wants to buy the same for business purposes, he shall have the privilege to purchase the same for $16,000."

Appellees filed answer in five paragraphs, the first being a general denial, the second, third and fourth, special answers, and the fifth by way of cross-complaint. They alleged that Franz Theobald Weitzmann died testate on February 22, 1920, and that all of his property was bequeathed in fee simple to his widow, Hulda Adelheid Weitzmann, except the merchant tailoring stock and store furniture which was bequeathed to his son Paul T. Weitzmann; that appellant herein had purposely and without necessity kept said estate open for almost five years for the purpose of obtaining a large fee as executor and for the purpose of attempting to make possible the happening of the contingency mentioned in Item 6 of the will so that he might claim the right to purchase lot No. 3 in Spencer's Second Addition for $16,000, and that, during all of said time, appellant col-

lected the rents and profits from the real estate left by decedent; that said estate should have been settled one year after the granting of letters to the executrix Hulda Adelheid Weitzmann, and that, after her death, the appellees herein were entitled to a division of the rents and profits derived from said real estate; that if any deficiency existed in the personal property, said rents and profits collected by appellant from said real estate were sufficient to pay the debts and expenses of said estate; that said testator owned, at the time of his death, certain real estate other than said lot No. 3 in Spencer's Second Addition; that if it became necessary to sell any real estate to pay debts of the estate, either of said other parcels was of sufficient value, and that it was not necessary to sell Lot No. 3, which is more valuable than all the remainder of said real estate combined; that Item 6 of said will is void, and that said contingency mentioned in Item 6 has not arisen; that Paul T. Weitzmann has no interest in said Lot No. 3 other than an undivided one-fifth, and that his claim to a right to purchase the same for $16,000 is unjust and unfounded.

There was a special finding of facts, on which the court stated its conclusions of law as follows: (1) That a necessity exists to sell parcel No. 3, the west half of lot No. 3 in Chipman's Addition to the city of Ft. Wayne, Allen county, Indiana, to pay the debts and liabilities of said estate; (2) that pursuant to the terms of said will all of the real estate owned by said testator at the time of his death was devised to the widow, Hulda Adelheid Weitzmann, for and during her natural life, with remainder in fee to the children and grandchildren of said testator; (3) that Item 6 of the said will of decedent is void and of no effect, and that said Paul T. Weitzmann has no other interest, right or claim in and to said lot No. 3 than his undivided one-fifth interest therein.

This is a companion case, to *Weitzmann* v. *Weitz-*

*mann* (1928), *ante* 236, wherein we held that the provision of Item 6 in the will, giving Paul T. Weitzmann an option to purchase lot No. 3 in Spencer's Second Addition for $16,000, was valid, and, on authority of that case, we hold that the court erred in its third conclusion of law. We further hold that the children and grandchildren, as devisees under said will are the owners in fee, subject to the option given Paul T. Weitzmann under Item 6.

The judgment is reversed, with instructions to the court to restate its conclusions of law in accordance with this opinion and to enter judgment accordingly.